UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| JERRY GREGORY, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 4:10-cv-23 |
| v. ) | |
| ) | Judge Mattice |
| GOODMAN MANUFACTURING ) | |
| COMPANY, L.P., ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

Before the Court is Plaintiff Jerry Gregory's Motion for Summary Judgment.[1] (Doc. 35). Plaintiff was a participant in the Amana Refrigeration, Inc. Fayetteville Bargaining Unit Pension Plan ("the Plan"), over which Defendant Goodman Manufacturing Company now has administrative responsibilities. In April 2010, Plaintiff brought this Employee Retirement Income Securities Act ("ERISA") action against Defendant pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and 1132(c)(1). (Doc. 1). The Court has disposed of Plaintiff's ERISA claim for benefits pursuant to § 1132(a)(1)(B). (Doc. 31, 33). Plaintiff's only remaining claim arises under §§ 1132(c)(1) (requiring a plan administrator to provide plan documents within 30 days upon request by a participant or beneficiary of the plan) and 1132(a)(1)(A) (defining a discrete cause of action based on § 1132(c) that is separate from a claim for benefits under § 1132(a)(1)(B)).

On January 13, 2012, Magistrate Judge William Carter issued a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b). (Doc. 46). In his R&R, Judge

---

[1] Plaintiff captioned his Motion as a "Motion for Statutory and Punitive Damages Pursuant to 29 U.S.C. § 1132(c)(1)." (Doc. 35). In light of the posture of this case and the materials relied upon in Plaintiff's Motion, the Magistrate Judge correctly construed it as a Motion for Summary Judgment.

Carter recommended that Plaintiff's Motion for Summary Judgment be granted as to Defendant's failure to produce Plan documents and denied as to Defendant's failure to produce enrollment forms. (*Id.* at 16). Magistrate Judge Carter recommended that Plaintiff be awarded $45,430 in damages pursuant to 29 U.S.C. § 1132(c)(1). Defendant filed timely objections to the R&R, to which Plaintiff responded and Defendant replied. (Docs. 47, 48, 49).

The Court has conducted a *de novo* review of the record in this case, including those portions of the R&R to which Defendant now objects. *See* 28 U.S.C. § 636(b)(1). For the reasons stated, the Court will **OVERRULE** Defendant's objections (Doc. 47) and **ADOPT** and **ACCEPT** Magistrate Judge Carter's Report and Recommendation (Doc. 46) in its entirety.

I.  **STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1). Upon review, the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. *Id.*

II.  **BACKGROUND**

Magistrate Judge Carter's R&R outlined the procedural and factual background of this case at some length. (Doc. 46 at 3-8). The parties have not objected to the Magistrate Judge's recitation of the facts, and the Court concludes that it is accurate. Thus, for the purpose of addressing Defendant's objections, the Court **ADOPTS BY REFERENCE** the entire "Relevant Facts" section of the R&R. (*See id.*).

## III. ANALYSIS

Defendant raises three objections. First, it contends that the Magistrate Judge erred in reaching his conclusion by relying on evidence outside the administrative record and by assessing penalties without an evidentiary hearing. (Doc. 47 at 1, 2-4). Next, it argues that the Magistrate Judge erroneously levied a $110-per-day statutory penalty. (*Id.* at 1, 4-8). Defendant finally asserts that the Magistrate Judge erred by recommending that Plaintiff be awarded $45,430. (*Id.* at 1).

In its first objection, Defendant asserts that the Magistrate Judge erred in making a finding as to Defendant's intent based on materials outside the administrative record without first holding an evidentiary hearing. (*Id.* at 2-4). Defendant's claim that the Magistrate Judge could not consider material beyond the scope of the administrative record is incorrect. "In an ERISA claim for benefits action, the district court's review is generally based solely upon the administrative record." *Huffaker v. Metro. Life Ins. Co.*, 271 F. App'x 493, 503 (6th Cir. 2008) (quotation omitted). This is because, in the context of a claim for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), a district court's review of a plan administrator's decision based on evidence not presented to the administrator would seriously undermine ERISA's goal of providing a fair method by which workers could resolve benefits disputes quickly and inexpensively. *Id.* at 504 n.4 (citing *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990)). However, "[e]vidence outside the administrative record may be considered if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.* at 504 (citing *Wilkins v. Baptist Healthcare*

-3-

*Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring)).

Defendant's present position is puzzling. The Court's ability to consider evidence beyond what Defendant characterizes as the "administrative record" was conclusively decided over one year ago when the Magistrate Judge held a hearing and entered an Order permitting additional limited discovery in this case. (Doc. 29; *see* Doc. 18). Defendant did not object to that Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a) (providing 14 days in which to object to a magistrate's nondispositive order and stating that "[a] party may not assign as error a defect in the order not timely objected to"). Indeed, Defendant itself submitted over 100 pages of affidavits and other exhibits in connection with its opposition to Plaintiff's Motion for Summary Judgment. (*See* Doc. 42, attachments).

Moreover, at this stage, this matter is not a "claim for benefits" as contemplated in § 1132(a)(1)(B). It does not involve the "appellate-style" review of a plan administrator's calculation of benefits, to which the parties have already stipulated. (Doc. 30). It is instead a standalone claim, akin to a procedural challenge, in which Plaintiff asserts that the Plan administrator repeatedly failed to provide Plan documents as required by 29 U.S.C. § 1132(c)(1) – for which a separate cause of action is provided by § 1132(a)(1)(A). The reason for ordinarily limiting judicial review to the administrative record – namely, that district courts would function as "substitute plan administrators" and potentially diminish the statutory protections for employees if permitted to reject an administrator's decision based on evidence that was not before him or her – is not implicated here. *See Huffaker*, 271 F. App'x at 504; *Kalish v. Liberty Mut./Liberty Life Assurance Co. of Boston*, 419 F.3d 501

(6th Cir. 2005); *Calvert v. Firstar Finance*, 409 F.3d 286 (6th Cir. 2005). Thus, it was not improper for the Magistrate Judge to consider material beyond that which Defendant submitted as the "administrative record."

Defendant also asserts that, because Plaintiff's claim is based on the intent behind its failure to produce Plan documents and the potential prejudice to Plaintiff resulting from that failure, the Magistrate Judge was required to hold an evidentiary hearing before imposing a penalty under 28 U.S.C. § 1132(c)(1). (Doc. 47 at 3-4). At the outset, the court notes that the United States Court of Appeals for the Sixth Circuit has held to the contrary: "[Section 1132(c)(1)] does not require a district court to take testimony or make any particular findings before assessing a penalty." *Lampkins v. Golden*, 104 F.3d 361 (table), 1996 WL 729136 at *4 (6th Cir. Dec. 17, 1996). To the extent that Defendant suggests that penalties may be imposed only after explicit findings of bad faith and prejudice, it is mistaken. *See, e.g., Garst v. Wal-Mart Stores, Inc.*, 30 F. App'x 585, 590 (6th Cir. 2002) ("The purpose of ERISA's penalty provision is not so much to penalize as to induce plan administrators to respond in a timely manner to a participant's request for information.") (citation omitted); *Knickerbocker v. Ovako-Ajax, Inc.*, 187 F.3d 636 (table), at 1999 WL 551409 at *4 (6th Cir. July 20, 1999) ("Although § 1132(c)(1)(B) does not require prejudice to impose penalties, a district court may consider prejudice in exercising its discretion."); *Bartling v. Fruehauf Corp.*, 29 F.3d 1062 (6th Cir. 1994) (affirming a penalty under § 1132(c)(1)(B) even though the district court determined that defendant's failure to

disclose required information was not due to bad faith).[2]

Magistrate Judge Carter's analysis appropriately recognized Defendant's unreasonable and uncontested delay in fulfilling its obligation to produce the requested documents and the resulting prejudice to Plaintiff, and the R&R adequately explained the reasons for imposing a penalty, which the Court will not reiterate here. (*See* Doc. 46 at 10-14). Viewed most favorably to Defendant, the evidence of record supports no conclusion other than the one reached by the Magistrate Judge: "(1) that [Defendant] intentionally and unreasonably delayed in telling [Plaintiff] that the 1983 Plan documents could not be found, and (2) that [Defendant] intentionally and unreasonably delayed in providing the plan documents it did rely upon (the 1989 Plan) to calculate [Plaintiff]'s benefits." (Doc. 46 at 13-14); *see* Fed. R. Civ. P. 56(a) (providing that summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, the Court will **OVERRULE** Defendant's first objection.

In Defendant's second objection, it asserts that the Magistrate erred in assessing a $110-per-day statutory penalty. (*See* Doc. 47 at 4-9). Defendant's arguments in this regard are nearly identical to those it asserted before the Magistrate Judge. (*Compare*

---

[2] The cases Defendant cites in support of its position are inapposite. *See Nolan v. Heald College*, 551 F.3d 1148 (9th Cir. 2009) (holding in the context of an ERISA benefits claim that a district court erred because, in part, it did not apply the "traditional rules of summary judgment" – such as viewing the evidence in the light most favorable to the non-movant – when considering extra-record evidence of bias); *Mass. Cas. Ins. Co. v. Reynolds*, 113 F.3d 1450 (6th Cir. 1997) (reversing a district court decision that no genuine issue of material fact existed as to whether the plaintiff made fraudulent statements in an application for disability insurance coverage); *Borneman v. Principal Life Ins. Co.*, 291 F. Supp. 2d 935, 969 (S.D. Iowa 2003) (noting that "the issue of whether to impose a penalty can be properly decided on summary judgment," but declining to do so because the record in that case raised factual issues meriting denial of a defendant's motion for summary judgment); *Lidoshore v. Health Fund 917*, 994 F. Supp. 229, 236 (S.D.N.Y. 1998) (holding that the record in that case did not provide sufficient factual basis on which to determine whether to impose penalties and, if so, what those penalties should be).

Doc. 42 at 18-23 *with* Doc. 47 at 4-9). The Court notes that Defendant does raise one issue that is not a near-*verbatim* recitation of prior arguments: it now contends that it should not be subject to a penalty because it had no affirmative statutory duty to inform Plaintiff that it could not locate the 1983 Plan (on which his benefit calculation should have been based) or to provide him with a copy of the 1989 Plan (on which Defendant ultimately relied to calculate his benefits).[3] This is unpersuasive.

Pursuant to 29 U.S.C. § 1024(b)(4):

The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

As early as 2007, Defendant had computed that Plaintiff was entitled to $720 per year. (Doc. 19-2 at 1). As the Magistrate Judge correctly concluded, upon Plaintiff's request, Defendant was required to furnish Plaintiff with a copy of the documents on which it relied in formulating that calculation. *See* (Doc. 46 at 10-11); 29 U.S.C. §§ 1024(b)(4), 1132(c)(1)(B). It failed to do so until June 2010, in violation of its statutory obligations.

A lengthy analysis of the remainder of Defendant's second objection would be cumulative and is unwarranted in light of Magistrate Judge Carter's well-reasoned Report and Recommendation, in which he addressed Plaintiff's instant arguments and fully articulated the bases for the penalty assessment. (Doc. 46 at 11-14); *see Lampkins*, 1996 WL 729136 at *4 ("[B]ecause the court articulated its reasons for imposing the penalty, the district court did not abuse its discretion in determining the amount of [the defendant]'s

---

[3] Although Defendant did not expressly raise this argument before the Magistrate Judge, the R&R addressed the issue generally when discussing the manner in which Defendant violated 29 U.S.C. § 1132(c)(1)(B). (*See* Doc. 46 at 10-11).

fine."). For the present purposes, it will suffice to reiterate the Magistrate Judge's finding that "the record is replete with instances in which [Plaintiff], in writing, asked [Defendant] over a two and a half year period for Plan documents. Many of these requests were simply ignored, [and the other] responses simply weren't responsive to the requests." (Doc. 46 at 12-13). Under the circumstances, a $110-per-day statutory penalty is appropriate for the reasons stated in the R&R. (*Id.* at 10-14); *see* 29 U.S.C. § 1132(c)(1)(B) (providing for a $100-per-day maximum penalty for each day that a plan administrator fails to furnish requested plan documents); 62 Fed. Reg. 40696 (increasing the $100-per-day penalty maximum to $110 per day). Consequently, the Court will **OVERRULE** Defendant's second objection.

In Defendant's third objection, it asserts without further explanation that the Magistrate Judge's total penalty calculation was incorrect.[4] (*See* Doc. 47 at 1). Plaintiff's cause of action accrued on April 23, 2009 – 31 days after Plaintiff's attorney requested the plan documents and the earliest such request within the period prescribed by statute. (*See* Doc. 19-2 at 6; Doc. 31 at 10; Doc. 33); 29 U.S.C. §§ 1024(b)(4), 1132(c)(1)(B). Defendant did not provide the requested Plan documents until 413 days later. (*See* Doc. 19-1). At $110 per day, the Magistrate Judge correctly calculated the total penalty at $45,430. Thus, the Court will **OVERRULE** Defendant's third objection.

Accordingly, and for the reasons stated:

- Defendant's objections (Doc. 47) are **OVERRULED**;

---

[4] To the extent that Defendant's third objection is based on its contention that a $110-per-day penalty was not warranted, it is merely an extension of Defendant's second objection, which the Court addressed above.

-8-

Case 4:10-cv-00023-HSM-WBC   Document 50   Filed 03/02/12   Page 8 of 9   PageID #: 730

- Magistrate Judge Carter's Report and Recommendation (Doc. 46) is **ACCEPTED** and **ADOPTED IN ITS ENTIRETY**;

- Plaintiff's Motion for Summary Judgment (Doc. 35) is **GRANTED IN PART** and **DENIED IN PART**;

- Plaintiff's claim for monetary damages pursuant to 29 U.S.C. § 1132(c)(1)(B) for failure to timely provide enrollment forms is **DENIED**;

- Plaintiff's claim for monetary damages pursuant to 29 U.S.C. § 1132(c)(1)(B) for failure to timely provide Plan documents is **GRANTED**;

- Plaintiff is hereby **AWARDED** $45,430 in damages, for which Defendant is liable as the Plan administrator, pursuant to 29 U.S.C. § 1132(c)(1)(B).

Because this Order and the Report and Recommendation it adopts dispose of all issues pending in this action, the Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 2nd day of March, 2012.

                                               */s/Harry S. Mattice, Jr.*
                                               HARRY S. MATTICE, JR.
                                               UNITED STATES DISTRICT JUDGE